YRN LLC v Migos LLC (2021 NY Slip Op 02482)





YRN LLC v Migos LLC


2021 NY Slip Op 02482


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 652265/18 Appeal No. 13633 Case No. 2020-02934 

[*1]YRN LLC, Plaintiff-Appellant,
v
Migos LLC et al., Defendants-Respondents.


Kleinberg, Kaplan, Wolff & Cohen, P.C., New York (Steven R. Popofsky of counsel), for appellant.
Adelman Matz P.C., New York (Sarah M. Matz of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about September 16, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its first and third causes of action, and, upon a search of the record, dismissed those causes of action pursuant to CPLR 3212(b), and denied plaintiff's request for sanctions against defendants, unanimously affirmed, with costs.
We affirm, but for reasons different from those provided by the motion court. Separate clauses of a contract should be read together, with the contract's greater context taken into consideration, in order to give them meaning (see HSBC Bank USA v National Equity Corp., 279 AD2d 251, 253 [1st Dept 2001]; see also Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]). Read in context, the disputed section of the operating agreement does not prohibit defendants from using the "Migos" name on apparel. It would be contrary to the parties' expectations to interpret this clause in the manner that plaintiff suggests (see Dreisinger v Teglasi, 130 AD3d 524, 527 [1st Dept 2015]).
The court providently declined to award sanctions to plaintiff. Defendants' conduct during discovery in serving purportedly deficient boilerplate initial responses, later supplemented by thorough responses, did not rise to the level of frivolous conduct warranting sanctions under 22 NYCRR 130-1.1 (see e.g. Davis v Exxon Corp., 216 AD2d 134 [1st Dept 1995]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021